UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

CARMINE D'ONOFRIO,

                Plaintiff,

   - against -                      ORDER

HOME DEPOT U.S.A.,               CV 2005-1514 (JBW)(MDG)
                Defendant.

- - - - - - - - - - - - - - - - - - - -X

    By letter dated August 29, 2005 ("Morway Let."), Debra S. Morway, counsel for defendant Home Depot U.S.A., Inc., seeks to dismiss this action pursuant to Rule 37 of the Federal Rules of Civil Procedure because of plaintiff's failure to comply with discovery requests and orders of this Court, or, in the alternative, pursuant to Rule 41(b) for failure to prosecute (Ct. doc. 7). Plaintiff has not responded.

### **BACKGROUND**

    The pertinent facts are undisputed and are set forth in the instant letter application and an earlier letter motion to compel dated July 19, 2005 by Ms. Morway ("First Morway Let.") (ct. doc. 5). At an initial conference on May 4, 2005, this Court directed plaintiff to provide automatic disclosures by May 20, 2005. See minute entry of 5/4/05. On May 18, 2005, defendant served interrogatories and document requests. First Morway Let. at 2, Exh. C. Despite several requests by defendant's counsel and acknowledgment by plaintiff's counsel that automatic disclosures and discovery responses were overdue, plaintiff failed to respond. Id. at 2, Exhs. E-H. By endorsed order filed

electronically on August 1, 2005, this Court granted the defendant's motion to compel and directed plaintiff to provide responses by August 23, 2005. The Court further "warned that failure to comply with discovery obligations and orders could result in sanctions." As set forth in the Morway Let., plaintiff has neither provided any response to the discovery requests nor sought an extension. Id.

## **DISCUSSION**

As a preliminary matter, I address whether I have jurisdiction to consider defendant's motion. This case has been referred to me pursuant to this Court's standing order generally referring "all non-dispositive pretrial matters" to the assigned magistrate judge. Local Civil Court Rule 72.2(a). Even though framed as a motion to dismiss, defendant's request is essentially one for sanctions for failure to comply with discovery requests and orders of the Court, a matter generally within my pretrial reference authority. However, since dismissal is a potential sanction, whether my decision is a matter within my pretrial reference authority depends on the sanction imposed. See 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 at 342-44 (2d ed. 1997) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions"). Were I to determine that the sanction of dismissal is appropriate, I would convert this decision to a report and recommendation for consideration under Fed. R. Civ. P. 72(b). See, e.g., Zises v. Dept. of Soc. Srvcs., 112 F.R.D. 223,

226 (E.D.N.Y. 1986). If I decline to impose defendant's requested sanction of dismissal, then Rule 72(a) would govern. <u>See</u>, <u>e.g.</u>, <u>Phinney v. Wentworth Douglas Hospital</u>, 199 F.3d 1, 5-6 1st Cir. 1999); <u>Magee v. Paul Revere Life Ins. Co.</u>, 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (citing <u>Thomas E. Hoar, Inc. v. Sara Lee Corp.</u>, 900 F.2d 522, 525-26 (2d Cir. 1990). In any event, since the application is based, in part, on plaintiff's failure to comply with my discovery orders, this Court will address these issues in the first instance.

<u>Defendant's Motion for Sanctions and to Dismiss</u>

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose sanctions for failure to comply with an order to provide discovery. The Rule provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) An order ... dismissing the action or proceeding or any part thereof...

Fed. R. Civ. P. 37(b)(2)(C).

A party may move to compel under Rule 37(d) for failure to respond to interrogatories and document requests. Fed. R. Civ. P. 37(d). If the motion is granted, a court may impose the sanctions available under Rule 37(b)(2). Fed. R. Civ. P. 37(d). In addition, a party may challenge an opponent's failure to provide automatic disclosures or to answer specific discovery requests in a motion under Rule 37(a)(2)(A) and seek sanctions enumerated under Rule 37(a)(4). Fed. R. Civ. P. 37(a).

Because dismissal with prejudice for discovery failures is a harsh sanction, dismissal is appropriate only in extreme situations. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction may be imposed only if the Court (a) finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) gives notice ... that violation of the court's order will result in a dismissal of the case with prejudice. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (dismissal with prejudice as sanction for abuse of discovery held improper without prior notice), rev'd on rehearing on ground that notice had in fact been given, id. at 764, cert. denied, 499 U.S. 943 (1991). In addition, dismissal is appropriate only "after consideration of alternative, less drastic sanctions." Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 253 (2d Cir. 1996).

Plaintiff has clearly failed to provide any discovery, despite two orders of this Court directing disclosure and several attempts by defendants to procure compliance. Although Marisa Anelli, counsel of record for the plaintiff, apparently did not receive electronic notice of this Court's endorsed order of August 1, 2005,[1] this order was discussed in the Morway Let.

---

[1] This Court has learned that Ms. Anelli is not registered for electronic case filing ("ECF"), even though required to do so by Administrative Order 2004-08. In this Court's initial conference order (ct. doc. 3), this Court advised of the need to register for ECF, with a further warning to register noted on the fax cover sheet to Ms. Anelli. Although this Court has now arranged for electronic notices to be sent to the counsel's e-mail address reflected on documents she sent to the Court, counsel must nonetheless immediately register for ECF.

Plaintiff's counsel did not respond to either that letter or the defendant's first application.  Counsel cannot simply let deadlines lapse and remain silent even after a motion to compel is filed.

Therefore, the Court finds that sanctions are appropriate here in order to deter plaintiff and other litigants from disobeying court orders and ignoring valid discovery requests. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts"); Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989); see Fed. R. Civ. P. 37(b)(2) (permitting a court to impose sanctions if a party "fails to obey an order to provide or permit discovery"). Since this Court previously gave only a warning but did not impose sanctions, the drastic sanction of dismissal is premature at this point.  Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995) (courts must impose less drastic sanctions, before resorting to dismissal).  Accordingly, this Court sanctions plaintiff $200, payable to the defendant for the costs and fees expended in its effort to obtain discovery.  This sanction is imposed jointly on both the client and counsel.  See Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1014 (2d Cir. 1988) (Rules 37(a) and 37(d) permit imposition of monetary sanctions on counsel).

This Court declines to consider defendant's application for dismissal under Rule 41(b) since a request for dismissal for failure to comply with discovery is properly addressed under Rule

37(d), rather than "'Rule 41(b), which appears in that part of the Rules concerned with <u>trials</u> and which lacks such specific references to discovery.'"  <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1133-34 (2d Cir. 1986) quoting <u>Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers</u>, 347 U.S. 197, 207 (1958)); <u>see</u> <u>also</u> <u>Bobal</u>, 916 F.2d at 763-64.

## CONCLUSION

For the foregoing reasons, plaintiff and his counsel are jointly sanctioned $200, which payment must be made to Morgan Lewis, counsel for defendant, by September 30, 2005.  Plaintiff must provide automatic disclosures and discovery responses by September 30, 2005.  Plaintiff warned that if he fails to comply with this order or tp respond to future discovery requests and orders in a timely fashion, further and more drastic sanctions <u>will</u> be imposed.

Discovery is extended December 15, 2005 and the next conference is adjourned to December 16, 2005 at 10:00 a.m.

**SO ORDERED.**

Dated:    Brooklyn, New York
          September 9, 2005

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE